Argued and submitted August 18, 1993, reversed and remanded for reconsideration
September 14, 1994

In the Matter of the Compensation of
Steven S. Ewen, Claimant.

FOOD SERVICES OF AMERICA,
*Petitioner,*

*v.*

Steven S. EWEN,
*Respondent.*

(91-07052; CA A78598)

881 P2d 167

Karen O'Kasey argued the cause for petitioner. With her on the brief was Schwabe, Williamson & Wyatt.

Ronald A. Fontana argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Employer seeks review of a Workers' Compensation Board order holding that claimant was entitled to temporary disability benefits. We reverse and remand.

Claimant injured his foot in 1987 while working in employer's warehouse. Employer accepted his claim. When claimant returned to work, he was assigned to a less physically demanding job than his former job. On April 16, 1990, employer informed claimant that he would no longer be able to work at that job and offered another position. The next day, claimant attempted suicide and was hospitalized for depression.

On May 15, 1990, the Department of Insurance and Finance issued a determination order on claimant's foot injury claim. The order declared claimant medically stationary and awarded temporary and permanent partial disability benefits. In the meantime, claimant returned to work, but continued to suffer from foot pain and from psychological difficulties. In June, 1990, claimant designated Dr. Erde as his treating physician. Erde advised claimant to stop work because of his foot pain, but eventually conditionally released claimant to return to work. Claimant was never offered work within Erde's conditions, and never returned to work. On October 5, 1990, claimant's psychologist, Dr. Kohen, released claimant from work because of his "psychological and physical disabilities."

Claimant sought compensation for his depression on the ground that it was caused by the original foot injury.[1] Employer denied the claim. Claimant requested a hearing. The referee set aside employer's denial, concluding that the major contributing cause of claimant's depression was his foot injury. The referee ordered employer to accept claimant's claim. Employer appealed. For a short period of time during the pendency of the appeal, employer made temporary disability payments. However, after receiving an independent medical opinion that claimant's depression was not disabling, employer informed claimant that it would refuse any

---

[1] Claimant also claimed a worsening of the foot injury. The employer's rejection of that claim is not an issue in this case.

requests for additional disability. Claimant requested a hearing on the employer's denial of temporary disability benefits during the appeal. The referee affirmed, but the Board reversed. The Board held that, during the pendency of employer's appeal of the order setting aside employer's denial, employer remained obligated to pay temporary disability benefits until the order appealed from was reversed or the claim was closed under ORS 656.268. Because the order appealed from had not, in fact, been reversed, and because the claim had not been closed under ORS 656.268, the Board concluded that employer was obligated to pay temporary disability benefits beginning with Kohen's October 5, 1990, work release authorization.

■ Employer argues that the Board erred in two respects. First, it argues that the Board mistakenly required that claimant's claim be closed under ORS 656.268 before employer may terminate the temporary disability benefits. According to employer, the claim already was closed by the May 15, 1990, determination order declaring claimant medically stationary. That determination order, however, closed claimant's foot injury claim. The temporary disability benefits at issue in this case arise out of claimant's claim for his psychological condition. The Board treated that claim as separate from the claim for the foot injury. There was no appeal from the Board's determination that the psychological condition was compensable. That separate claim has not been closed. The Board, therefore, correctly required that the claim be closed under ORS 656.268 before employer may unilaterally terminate payment of temporary disability benefits.

■ Second, employer argues that the Board erred in requiring payment of temporary disability benefits from the October 5, 1990, work release of Kohen, because Kohen was not claimant's treating physician. Claimant concedes that, at the time of the October 5, 1990, work release, Kohen was not his treating physician. He argues that, nevertheless, the Board correctly awarded temporary disability benefits from that date, because his treating physician, Erde, had previously authorized the work release.

ORS 656.245(3)(b)(B) provides:

"A medical service provider who is not an attending physician cannot authorize the payment of temporary disability compensation."

By claimant's own admission, Erde was his attending physician when Kohen wrote his October 5, 1990, time loss authorization. Therefore, the Board erred in awarding temporary total disability based on that October 5, 1990, authorization, which could not trigger employer's obligation to pay temporary disability.

Reversed and remanded for reconsideration.